**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRANT SCOTT,

           Petitioner,

v.                                                  Case Number: 09-CV-11573
                                                       Honorable Victoria A. Roberts

THOMAS BIRKETT,

           Respondent.
_____/

**OPINION AND ORDER**
**GRANTING PETITIONER'S "MOTION TO WITHDRAW PETITION FOR WRIT OF**
**HABEAS CORPUS TO FILE HIS MOTION FOR RELIEF FROM JUDGMENT"**
**AND ADMINISTRATIVELY CLOSING CASE**

**I.**

Petitioner Brant Scott, a state inmate currently incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan, filed a *pro se* "Petition for Writ of Habeas Corpus" on April 27, 2009; the Petition was signed and dated April 23, 2009.  (Dkt. # 1.)   In his *pro se* pleadings, Petitioner challenges his plea convictions for (1) armed robbery, MICH. COMP. LAWS § 750.529, and (2) felony firearm, MICH. COMP. LAWS § 750.227b.  Now before the Court is Petitioner's "Motion to Withdraw Petition for Writ of Habeas Corpus," which was filed along with his Petition.  In this Motion, Petitioner requests that this Court "dismiss this petition 'without' prejudice, so that Petitioner can exhaust his State remedies on his claims of ineffective assistance of counsel."  (Dkt. # 3.)

The Court construes Petitioner's Motion as a "Motion to Stay the Habeas-Corpus Proceedings," so that he can comply with the requirements of 28 U.S.C. § 2254, and finds that Petitioner failed to exhaust state-court remedies.  The Court stays the Petition so that Petitioner

may return to state court to exhaust.

## II.

On March 23, 2007, Petitioner pled guilty in the Jackson County, Michigan, Circuit Court, to the above-stated charges.  In exchange, the prosecutor (1) incorporated one count of armed robbery into the armed-robbery count to which he pled guilty, (2) dismissed three counts of conspiracy to commit armed robbery, MICH. COMP. LAWS § 750.157a, and (3) dismissed two counts of attempted armed robbery, MICH. COMP. LAWS § 750.92.  The Court sentenced Petitioner to fifteen- to thirty-years imprisonment for the armed-robbery conviction and a mandatory two-year consecutive term for the felony-firearm conviction.

Petitioner requested appellate counsel, who filed a "Motion to Vacate Sentence."  It was denied.

A delayed application for leave to appeal that decision was filed in the Michigan Court of Appeals.  The following claim was presented:

> I.   The trial court erred in scoring defense variable 12 and 14 without support in the record resulting in an inaccurate guideline range and re-sentencing is required.

On February 22, 2008, the Michigan Court of Appeals entered an Order, denying Petitioner's delayed application for lack of merit in the grounds presented.  *People v. Scott*, No. 283255 (Mich.Ct.App. Feb. 22, 2008).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court that was denied on June 23, 2008.  *People v. Scott*, 481 Mich. 917, 750 N.W.2d 220 (2008).  Petitioner has not filed state-court motions.

## III.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden to show that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he must show cause: (1) for failing to raise his unexhausted claims on his delayed application for leave to appeal to

the Michigan Court of Appeals and (2) prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he must make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals advises that it is preferable for a district court to hold further proceedings on a habeas-corpus petition in abeyance pending exhaustion, rather than dismiss the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

The Court finds it is appropriate to enter a stay to allow Petitioner to present unexhausted claims to the state courts, and return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Stay and abeyance is only appropriate when a district court determines that the petitioner shows good cause for the failure to first exhaust in state courts, the unexhausted claims are not plainly meritless, and Petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 277.

Petitioner shows the need for a stay. It appears that Petitioner's claim of ineffective assistance of appellate counsel is the "good cause" for failing to exhaust. Therefore, Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide whether those claims have merit.

The Court recognizes that the one-year limitations period applicable to this habeas action does not pose a problem for Petitioner if this Court were to dismiss the petition to allow for further exhaustion.  *See* 28 U.S.C. § 2244(d)(1).  Nevertheless, the Court finds that Petitioner would be better served if he perfected his Petition through all avenues before seeking this Court's assistance.

Additionally, the claim of ineffective assistance of trial counsel that Petitioner seeks to exhaust in the state courts does not appear to be "plainly meritless."  Further, Petitioner will assert that he did not previously raise that claim in the state courts due to the ineffective assistance of appellate counsel.  Finally, there is no indication of intentional delay by Petitioner.  Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

Thus, the Court holds the Petition in abeyance until Petitioner has exhausted available state-court remedies.  *See Palmer*, 276 F.3d at 781.  To ensure that Petitioner does not delay in exhausting his state-court remedies, the Court imposes upon Petitioner time limits within which he must proceed.  *Id*.

### IV.

**IT IS ORDERED** that further proceedings are held in abeyance pending exhaustion of state-court remedies.  The case shall be held in abeyance provided that (i) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this Order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting his state-court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 1, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record and Brant Scott by electronic means or U.S. Mail on May 1, 2009.
>
> s/Linda Vertriest
> Deputy Clerk

6